IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TEMPLE OF 1001 BUDDHAS, et al.,<br>Plaintiffs,<br>v.<br>CITY OF FREMONT,<br>Defendant. | Case No. 21-cv-04661-CRB<br><br>**ORDER DENYING ATTORNEYS' FEES** |

On May 18, 2022, the Court granted the City of Fremont's motion to dismiss with prejudice all claims in Plaintiffs' second amended complaint. See Third Dismissal Order (dkt. 42). Plaintiffs have appealed this case to the Ninth Circuit. See Notice of Appeal (dkt. 48). The City moved for attorneys' fees. See Mot. (dkt. 44).

In an action under 42 U.S.C. § 1983 or the Religious Land Use and Institutionalized Persons Act (RLUIPA), a district court, "in its discretion, may allow a prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988(b). Section 1988(b) permits an award to a prevailing defendant when the plaintiff's civil rights claim is "frivolous, unreasonable, or groundless, or [when] the plaintiff continued to litigate after it clearly became so." Thomas v. City of Tacoma, 410 F.3d 644, 647-48 (9th Cir. 2005). A district court must assess the claim at the time the complaint was filed, and must avoid "post hoc reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." Tutor-Saliba Corp. v. City of Hailey, 452 F. 3d 1055, 1060 (9th Cir. 2006) (citations omitted). "A case may be deemed frivolous only when the result is obvious or the . . . arguments of error are wholly without merit." C.W. v. Capistrano Unified School District,

784 F.3d 1237, 1245 (9th Cir. 2015) (citing Karam v. City of Burbank, 352 F.3d 1188, 1195 (9th Cir. 2003)).

Although it is a close question, the Court denies the motion for attorneys' fees. It is true that, across three complaints, Plaintiffs' claims clearly failed as a matter of law or were implausible. More importantly, Plaintiffs frequently failed to take heed of the instructions in this Court's orders as to how to amend their claims, repeatedly raising claims with the same problems. See, e.g., Second Dismissal Order (dkt. 34) at 13 ("[The analysis from the prior order] remains apt."); id. at 24 ("Plaintiffs persist in the same misunderstanding."); id. at 29 ("Lee again misunderstands the FMC and how it applies—or does not apply—to her property"); see also Third Dismissal Order at 10 (dismissing claims beyond the scope of the Court's leave to amend); id. at 16, 19 (dismissing with prejudice because the claims had already been dismissed "on the same grounds"). Insofar as Plaintiffs recapitulated already-rejected theories of liability in their amended complaints despite few or no salient new facts, it is a close question as to whether they "continued to litigate after [certain claims] clearly became" unreasonable or groundless. See Thomas, 410 F.3d at 647-48. However, the Court concludes that those claims, despite being poorly pleaded, were not quite frivolous: Plaintiffs seem to have believed that they were addressing the deficiencies noted by the Court. Further, the Court also does not want to discourage lawyers from taking on civil rights or RLUIPA cases based on the risk that a court deems the case frivolous and awards a significant judgment in attorneys' fees. Cf. R.P. ex rel. C.P. v. Prescott Unified Sch. Dist., 631 F.3d 1117, 1126 (9th Cir. 2011) (expressing a similar concern as to IDEA cases). But the Court very well could have gone the other way here. The Court strongly recommends that Plaintiffs and counsel be much more careful in their future filings.

For the foregoing reasons, the City's motion is DENIED.

**IT IS SO ORDERED.**

Dated: July 22, 2022

CHARLES R. BREYER
United States District Judge

2