**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 7 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TEMPLE OF 1001 BUDDHAS; MIAOLAN LEE, <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> CITY OF FREMONT, <br><br> Defendant-Appellee. | No.   22-15863 <br><br> D.C. No. 3:21-cv-04661-CRB <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Charles R. Breyer, District Judge, Presiding

Submitted June 9, 2023[**]
San Francisco, California

Before: MILLER and KOH, Circuit Judges, and LYNN,[***] District Judge.

Miaolan Lee and the Temple of 1001 Buddhas (collectively, Lee) appeal

from the district court's dismissal of their claims against the City of Fremont. We

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Barbara M. G. Lynn, United States District Judge for the Northern District of Texas, sitting by designation.

have jurisdiction under 28 U.S.C. § 1291, and we review de novo a grant of a motion to dismiss, "draw[ing] all reasonable inferences in favor of the plaintiff." *Doe v. Regents of Univ. of Cal.*, 23 F.4th 930, 935 (9th Cir. 2022). We affirm.

    1. The district court correctly dismissed Lee's state-law damages claims because Lee failed to provide the City with written notice describing "the date, place and other circumstances of the occurrence or transaction which gave rise to the claim asserted." Cal. Gov't Code §§ 910(c), 945.4. Under California law, Lee needed to offer "facts sufficient to give the [City] notice to investigate and evaluate [the] claim." *Castaneda v. Department of Corr. & Rehab.*, 151 Cal. Rptr. 3d 648, 656 (Ct. App. 2013). But Lee's written notice offered no facts at all about her claims.

    2. The district court did not abuse its discretion in striking Lee's due process claims. When the district court dismissed Lee's original complaint, it gave leave to amend without limitation. After Lee filed an amended complaint, the district court dismissed with leave to amend only certain claims. Lee then filed another amended complaint containing due process claims that had appeared in neither previous complaint. The district court did not abuse its discretion in barring Lee from adding those new claims. *See Foman v. Davis*, 371 U.S. 178, 182 (1962).

    3. Lee's operative complaint fails to state a claim under 42 U.S.C. § 1983. Because Lee sues a municipality, she must allege unconstitutional acts flowing

from a "municipal policy." *Monell v. Department of Soc. Servs.*, 436 U.S. 658, 691 (1978). Lee alleges that Gary West, Fremont's chief building official, made municipal policy about building and zoning code enforcement. *See* Cal. Health & Safety Code § 18949.27; Fremont Mun. Code § 18.15.030. But she does not plausibly allege that West's decisions violated the Constitution.

According to public records of which the district court appropriately took judicial notice, the City accused Lee of building nine unpermitted structures totaling thousands of square feet. The City maintained that the structures pose a fire hazard and lack appropriate wastewater treatment, among other alleged nuisances.

To show religious discrimination, Lee must plausibly allege that West took enforcement actions against her "'because of,' not merely 'in spite of,'" the adverse effect on her religious practice. *Personnel Adm'r of Mass. v. Feeney*, 442 U.S. 256, 279 (1979); *Church of the Lukumi Babalu Aye, Inc. v. City of Hialeah*, 508 U.S. 520, 540 (1993). Lee's allegations do not make it plausible to infer that code violations were not the driving force behind West's decisions. Significantly, Lee nowhere squarely disputes that she built numerous structures without permits, in violation of the municipal code. *See* Fremont Mun. Code § 18.55.040(a). Although Lee alleges that City officials made comments disparaging the sincerity of her religious practice, she does not demonstrate that West himself shared or

3

approved of this animus. West allegedly told her that she could not pray on certain parts of her property, but the only plausible inference from these comments is that West was enforcing the City's orders about which structures were safe to use.

Lee also alleges that West ignored the construction of a handful of unpermitted structures on neighbors' properties, preferring instead to target her. But considering the size and scale of Lee's concededly unpermitted construction, Lee has not pleaded that these neighbors violated policy "to the same degree" she did, as would be necessary to raise an inference of selective enforcement. *Waln v. Dysart Sch. Dist.*, 54 F.4th 1152, 1159 (9th Cir. 2022) (emphasis omitted).

Lee also has not established that West retaliated against her in violation of the First Amendment. West himself never expressed "opposition to [her] protected speech." *Boquist v. Courtney*, 32 F.4th 764, 777 (9th Cir. 2022). Lee does not plausibly allege that West "proffered false or pretextual explanations" for the enforcement actions. *Id.* Lee does describe instances in which the City took action shortly after her protected speech, but in the absence of other reasons to suspect retaliation, that is not enough to sustain her claim. *See Pratt v. Rowland*, 65 F.3d 802, 808 (9th Cir. 1995) (concluding that timing alone was insufficient to justify a district court's grant of a preliminary injunction when there was "little else to support the inference" of a retaliatory motive). Lee thus cannot hold the City liable on a theory that West discriminated or retaliated against her.

Lee also cannot prevail on a theory that the City has a custom of disfavoring religious practice. As noted, Lee alleges that she was subjected to discriminatory enforcement, and she also contends that a deputy city attorney said that houses of worship were prohibited on some lands. She does not describe practices "so 'persistent and widespread' that [they] constitute[] a 'permanent and well settled city policy,'" as would be necessary to establish a custom under *Monell*. *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996) (quoting *Monell*, 436 U.S. at 691)). Lee's section 1983 claims therefore fail.

4. Lee lacks standing to bring her claim under the Religious Land Use and Institutionalized Persons Act (RLUIPA). She argues that Fremont Municipal Code § 18.55.110 unlawfully bars her from holding public religious gatherings on her property. But that ordinance does not injure her because, according to the operative complaint, she uses her property only for private purposes.

Similarly, Lee lacks standing to seek a declaratory judgment about the applicability of the Williamson Act, Cal. Gov't Code §§ 51200 to 51297.4, to her property. To have standing, Lee would need to show an "imminent" threat of harm. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). But despite the City's wide-ranging actions against Lee, the City has never enforced the Williamson Act against her.

**AFFIRMED**.